# Exhibit A

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 2 of 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| Qi Zhang, | Index No.: |
| Plaintiff, | Date Purchased: |
| v. | **SUMMONS** |
| Bank of America N.A., Experian Information Solutions, Inc. and Equifax Information Services, LLC, | **Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br>**CPLR §503(a):** Plaintiff's principal place of residence |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

      **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

      **YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
      January 16, 2024

**Defendants Addresses:**
Bank of America N.A.
100 North Tryon Street
Charlotte, North Carolina 28255

Equifax Information Services, LLC
1550 Peachtree Street
NW Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

**SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128851

1

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 3 of 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

Qi Zhang,

               Plaintiff,

               v.

Bank of America N.A. and Experian Information
Solutions, Inc. and Equifax Information
Services, LLC,

               Defendants.

Index No:

**COMPLAINT**

---

       Plaintiff Qi Zhang ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against defendants Bank of America N.A. ("*BofA*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. ("*Experian*") and Equifax Information Services, LLC ("*Equifax*") (Experian and Equifax may be hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.     This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq.* ("*NY FCRA*").

2.     This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a).

3.     This action also seeks relief against CRA Defendants pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4.     This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good

2

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 4 of 22

faith investigation into Plaintiff's notice of dispute and failing to delete, correct or block the inaccurate information.

5.  Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background report(s).

6.  As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third parties.

7.  Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9.  Venue is appropriate in New York County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the Court's jurisdiction.

## PARTIES

10.  Plaintiff Qi Zhang is an adult who is a citizen of the State of New York, residing in New York County, New York.

11.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12.  Defendant BofA is an American multinational investment bank and financial services holding company and has a principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255.

3

13.     Defendant BofA is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

15.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

16.     Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

17.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

18.     Defendant Experian is a consumer reporting agency ("*CRA*") as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e).

19.     Defendant Experian regularly conducts business in this judicial district.

20.     Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

### SUBSTANTIVE ALLEGATIONS OF FCRA

21.     Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

(1)     The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)     Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)     There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 6 of 22

22.     FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of any disputed inaccuracies.

23.     CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even for housing.

24.     Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA and NY FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

25.     Plaintiff's injuries are particularized and actual and are directly traceable to Defendants' conduct, misconduct or other defalcations.

26.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

27.     In 2023, Plaintiff discovered BofA accounts on her consumer credit report that were not hers.

28.     Upon information and belief, Defendants are mixing at least one other person's account information onto Plaintiff's consumer credit reports with CRA Defendants.

29.     Notably this discrepancy did not arise on non-party CRA, Trans Union LLC.

30.     Plaintiff does not own any account with BofA, has never opened an account with BofA, and has never authorized someone else to open an account with BofA in her name.

31.     Plaintiff discovered the following BofA accounts on her credit reports with CRA Defendants:

a. BofA credit card | Account #: 440066751916XXXX | Opened 8/2019 | Credit limit: $567 | Balance: $0 (Referred to as "*BofA Account1*")

5

b. BofA credit card | Account #: 552433250549XXXX| Opened 1/2020 | Credit Limit: $1,200 | Balance: $1,357 (Referred to as "*BofA Account 2*")

(Collectively referred to as "*BofA Accounts*" or "*Accounts*")

32.     BofA Account 1 has a derogatory 30-day late remark in its payment history which diminishes a consumer's credit score, credit rating and credit profile.

33.     BofA Account 2 had a balance that exceeded the account's credit limit which diminishes a consumer's credit score, credit rating and credit profile.

34.     Plaintiff confirmed with BofA that the BofA Accounts were unrelated to her personal information.

35.     Upon information and belief, BofA Account 1 is associated with an address at 410 W 53rd Street, New York, New York, 10019.

36.     Upon information and belief, the name associated with BofA Account 1 is "Qinyu Zhang."

37.     Plaintiff has never resided at 410 W 53rd Street, New York, New York, 10019 (Hereinafter referred to as "erroneous address").

38.     Plaintiff does not know anyone who resides at 410 W 53rd Street, New York, New York, 10019.

39.     Despite having no nexus to Plaintiff, the erroneous address was reported to Plaintiff's consumer credit reports by CRA Defendants.

40.     Plaintiff has never been known by the name Qinyu Zhang.

41.     Despite having no nexus to Plaintiff, the name Qinyu Zhang, CRA Defendants reported it to Plaintiff's credit report, which is inaccurate.

42.     Plaintiff has a distinct name, social security number, date of birth and home address but Defendants still allowed for the BofA Accounts to be mixed into her credit file.

43.     Upon information and belief, Defendants used insufficient matching algorithms in furnishing these BofA Accounts to Plaintiff's credit report.

44.     As such, CRA Defendants failed to maintain or practice reasonable procedures to maintain maximum possible accuracy on Plaintiff's consumer credit reports.

45.     On or about August 4, 2023, Plaintiff caused a dispute letter to be sent via certified mail to CRA Defendant informing it of this inaccuracy and dispute of the information (the "*August FCRA Dispute Letter*").

46.     Based upon United States Postal Service tracking information, CRA Defendant received the August FCRA Dispute Letter.

47.     Upon information and belief, CRA Defendant forwarded a notice of dispute and all relevant information regarding the August FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same.

48.     Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendant.

49.     Following Defendant's thirty (30) day FCRA investigation period, Defendants removed BofA Account 2 from Plaintiff's credit report, but continued to inaccurately furnish BofA Account 1.

50.     Upon information and belief, Defendants either failed to perform any investigation at all into BofA Account 1 or performed unreasonable investigations and erroneously verified the inaccurate account as accurate.

51.     Had Defendants performed reasonable investigations, Defendants would have promptly removed BofA Account 1 would from Plaintiff's consumer credit reports.

52.     Upon information and belief, Defendants either failed to perform any investigation at all or performed unreasonable investigations and erroneously verified BofA Account 1 as belonging to Plaintiff.

53.     Had Defendants performed reasonable investigations, the BofA Account 1 tradeline would have been deleted entirely.

54.     Alternatively, and, upon information and belief, CRA Defendant failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

55.     Alternatively, and, upon information and belief, Furnisher Defendant provided CRA Defendant with the correct information and directives regarding BofA Account 1 and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit reports.

56.     As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

57.     Plaintiff submitted an additional dispute to CRA Defendants via certified mail on or around October 11, 2013 ("*October FCRA Dispute Letter*").

58.     Plaintiff's October FCRA Dispute Letter was notarized to provide further identity confirmation and also disputed the erroneous address and the Qinyu Zhang name.

7

59.     Based upon United States Postal Service tracking information, CRA Defendant received the October FCRA Dispute Letter.

60.     Upon information and belief, CRA Defendant forwarded a notice of dispute and all relevant information regarding the October FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same.

61.     Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendant.

62.     Following Defendant's thirty (30) day FCRA investigation period, Equifax removed BofA Account 1 from Plaintiff's credit report, but Experian and BofA continued to inaccurately furnish BofA Account 1 as well as the erroneous address and the name Qinyu Zhang.

63.     Upon information and belief, Experian and BofA either failed to perform any investigation at all into BofA Account 1 or performed unreasonable investigations and erroneously verified the inaccurate account as accurate.

64.     Had Experian and BofA performed reasonable investigations, BofA Account 1 would have been deleted entirely.

65.     Upon information and belief, Experian and BofA either failed to perform any investigation at all or performed unreasonable investigations and erroneously verified the inaccurate account as accurate.

66.     Had Experian and BofA performed reasonable investigations, the account at issue would have never been reported on Plaintiff's credit reports, or the tradeline(s) would have been deleted entirely.

67.     Alternatively, and, upon information and belief, Experian failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

68.     Alternatively, and, upon information and belief, Furnisher Defendant provided Experian with the correct information and directives regarding BofA Account 1 and CRA Defendant failed to properly process or furnish this data to Plaintiff's credit report.

69.     As such, Experian failed to practice reasonable procedures to assure maximum possible accuracy.

70.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity;

Case 1:24-cv-01320-MMG Document 1-1 Filed 02/21/24 Page 10 of 22

wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third parties.

## FIRST COUNT
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).

71.　Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

72.　CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report(s) and credit file(s) it compiled and maintained concerning Plaintiff, which were published.

73.　Upon receipt of Plaintiff's disputes, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

74.　At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but CRA Defendant Experian failed to do so.

75.　Upon information and belief, CRA Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

76.　Upon information and belief, CRA Defendants failed to employ other matching criteria when reporting information to Plaintiff's credit report, allowing the account and personal information of another consumer to appear on Plaintiff's credit file.

77.　In violation of 15 U.S.C. §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

78.　Plaintiff disputed the inaccurate information and CRA Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

79.　Plaintiff disputed the inaccurate information and CRA Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 11 of 22

80.     Alternatively, Plaintiff disputed the inaccurate information and CRA Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

81.     As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

82.     In violation of 15 U.S.C. § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injuries.

83.     CRA Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

84.     As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

85.     For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and 'attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

<u>SECOND COUNT</u>
**CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681i** *et seq.*

86.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

87.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information in the August FCRA Dispute Letter was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

88.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

89.     CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and her disputes.

90.     CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the disputes.

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 12 of 22

91.     CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file(s) or correct the inaccurate information upon reinvestigation.

92.     CRA Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes.

93.     Upon information and belief, CRA Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (ii) forwarded any relevant information concerning Plaintiff's dispute(s) to Furnisher Defendant; or (iii) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

94.     As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

95.     CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.     In the alternative, CRA Defendants was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

97.     For the foregoing reasons, Experian violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and 'attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD COUNT
### Experian's Second Violation of the FCRA, 15 U.S.C. § 1681i *et seq.*

98.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

99.     Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information in the October FCRA Dispute Letter was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

100.    Experian violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

101.    Experian violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and her disputes.

102.    Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the disputes.

103.    Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file(s) or correct the inaccurate information upon reinvestigation.

104.    Experian never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes.

105.    Upon information and belief, Experian never: (i) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (ii) forwarded any relevant information concerning Plaintiff's dispute(s) to Furnisher Defendant; or (iii) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

106.    As a result of Experian's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

107.    Experian's violations were willful because it had knowledge of the issue after receiving two detailed dispute letters and/or exhibited a reckless disregard for the information provided in that dispute, rendering Experian individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108.    In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

109.    For the foregoing reasons, Experian violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and 'attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### FOURTH COUNT
**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

12

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 14 of 22

110.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

111.    At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

112.    Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

113.    Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

114.    FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

115.    On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, upon information and belief, CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

116.    Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

117.    Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

118.    Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all credit reporting agencies to which the furnisher provided the inaccurate information.

119.    Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

13

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 15 of 22

120.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

121.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

122.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

123.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

124.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to the credit reporting agencies.

125.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

126.    Furnisher Defendant's conduct was willful in that it had direct knowledge that the information it was reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice(s) from the consumer reporting agencies and directly from Plaintiff, continued to report the tradeline inaccurately.

127.    Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and failed to conduct a reasonable investigation and failed to correct the credit reporting.

128.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

129.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

130.    Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

Case 1:24-cv-01320-MMG Document 1-1 Filed 02/21/24 Page 16 of 22

131.     Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to the credit reporting agencies,

132.     Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

133.     Plaintiff suffered actual damages, further described in the above in statement of facts.

134.     Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.     Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

136.     For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and 'attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## FIFTH COUNT
### CRA Defendant's Violations of the NY FCRA § 380

137.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

138.     NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

139.     In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1)     Promptly expunge the item and otherwise correct the file

(2)     Refrain from reporting the item in subsequent consumer reports,

(3)    Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

140.    Here, a duty to conduct a reasonable investigation was triggered upon CRA Defendants upon each receipt of all FCRA dispute letters referenced in the above statement of facts.

141.    CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the accounts at issue.

142.    CRA Defendants also failed to provide Plaintiff the notice of rights pursuant to NY FCRA § 380-f(b)(3).

143.    CRA Defendants' failure to adequately re-investigate Plaintiff's disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

144.    As such, CRA Defendants violations were willful, rendering them liable for punitive damages in an amount to be determined by the Court and 'attorneys' fees pursuant to NY FCRA § 380-L.

145.    At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorneys' fees pursuant to NY FCRA § 380-M.

146.    As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

147.    As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorneys 'fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

### JURY DEMAND

148.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a  Adjudging that Defendants' actions violated the FCRA;

b  Adjudging that CRA Defendants' actions violated the NY FCRA;

c  Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g  Granting Plaintiff costs and reasonable 'attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h  Granting Plaintiff actual damages, punitive damages, 'attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

i  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j  Such other and further relief as the Court determines is just and proper.


DATED:     January 16, 2024
           Uniondale, New York

                        **SANDERS LAW GROUP**
                        By: */s Alain Cesar*
                        Alain Cesar, Esq.
                        333 Earle Ovington Boulevard, Suite 402
                        Uniondale, New York 11553
                        Email: acesar@sanderslaw.group
                        Office: (516) 203-7600
                        Direct: (516) 203-7612
                        Fax: (516) 282-7878
                        *Attorneys for Plaintiff*
                        Our File No.: 128851

17

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 19 of 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Qi Zhang,

*Plaintiff,*

v.

Bank of America N.A., Experian Information Solutions, Inc. and Equifax Information Services, LLC,

*Defendants.*

Index No.: 150374/2024

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

**PLEASE TAKE NOTICE**, that the undersigned, Craig B. Sanders, Esq. is an attorney admitted or otherwise authorized to practice in this Court and in good standing hereby enters her appearance as counsel for the Plaintiff Qi Zhang, in the above-captioned matter.

Dated: Uniondale, New York
January 17, 2024

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
Our File No.: 128851
*Attorneys for Plaintiff*

Case 1:24-cv-01320-MMG   Document 1-1   Filed 02/21/24   Page 20 of 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Qi Zhang,

*Plaintiff,*

v.

Bank of America N.A., Experian Information Solutions, Inc. and Equifax Information Services, LLC,

*Defendants.*

Index No.: 150374/2024

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

**PLEASE TAKE NOTICE**, that the undersigned, Nicola C. Richards, Esq. is an attorney admitted or otherwise authorized to practice in this Court and in good standing hereby enters her appearance as counsel for the Plaintiff Qi Zhang, in the above-captioned matter.

Dated: Uniondale, New York
January 17, 2024

**SANDERS LAW GROUP**

By: */s/ Nicola C. Richards*
Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: nrichards@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
Our File No.: 128851
*Attorneys for Plaintiff*

## PROOF OF SERVICE

| State: | NEW YORK |
|---|---|
| Court: | SUPREME COURT |
| County: | NEW YORK |
| Plaintiff/ Petitioner: | Qi Zhang |
| Defendant/ Respondent: | Bank of America N.A., et al. |
| Case Number: | -- |
| Index/Docket Number: | 150374/2024 |

I, Scott Nazworth, being first duly sworn, depose and say: that I am over the age of 18 years old and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

I served Bank of America N.A. the Notice of Electronic Filing Bearing Index Number and Date of Filing, Summons and Complaint as follows:

| Serve/Non Serve Date: | | 1/23/2024 | Person Served: | David Wallace (financial center manager) |
|---|---|---|---|---|
| Location of Serve: | | Business | Description: | *(if served)* |
| Manner of Service: | | Corporate | Age | 40-44 |
| Street Address: | 100 North Tryon Street Charlotte, NC 28202 | | Hair Color | Brown |
| | | | Sex | Male |
| | | | Race | White |
| | | | Height | 5'9"-6'0" |
| | | | Weight | 200-220 lbs |
| | | | Marital Status | N/A |
| | | | Military Status | No |
| | | | Military Branch | |
| | | | Active in Military? | |
| | | | Other notable details | |

| Process Server | Scott Nazworth | | | |
|---|---|---|---|---|
| Attempt Date | Attempt Time | Served? | Comments (home/vehicle description, talked to neighbors etc.) | |
| 1/23/2024 | 11:01 AM | Yes | | |

Signature of Process Server _____     Date  1-26-2024

Sworn and subscribed before me this  26  day of  January , in the year of  2024 , by Scott Nazworth
(✓) Personally known or
(  ) Produced _____ identification number _____

State of  NC   County of  Gaston    Signature of Notary Public _____

**KATHLEEN GILLETTE**
Notary Public
Gaston Co., North Carolina
My Commission Expires Oct. 29, 2024

| **STATE OF NEW YORK** | **COUNTY OF NEW YORK** | Docket / Index # | |
|---|---|---|---|
| **SUPREME COURT** | | | 150374/2024 |
| | | **Date Filed:** | **January 16, 2024** |
| | | **PDY #** | **PDY13860** |

**Attorney(s):** SANDERS LAW GROUP  **Phone #** (516) 203-7600
 **Address:** 333 Earle Ovington Blvd. Suite 402, Uniondale, NY 11553  **File #** 128851

QI ZHANG

vs                                                                                    *Plaintiff / Petitioner*

BANK OF AMERICA N.A., ET AL.

                                                                                    *Defendant / Respondent*

STATE OF NEW YORK,  COUNTY OF NASSAU                                    **AFFIDAVIT OF SERVICE**

John Hudak, being duly sworn deposes and says that deponent is not a party to this action, is over the age of 18 years and resides in the State of New Jersey. That on January 29, 2024 at 9:55 AM, at C/O C T CORPORATION SYSTEM - 28 LIBERTY STREET, New York, NY 10005, deponent served the within

NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT

on: EXPERIAN INFORMATION SOLUTIONS, INC., Defendant therein named.
The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

| | | |
|---|---|---|
| **#1**<br>Individual | ☐ | By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein. |
| **#2**<br>Corporation | ☒ | By delivering thereat a true copy of each to _____ VINCENZA CIPRIANO _____ personally, deponent knew the person so served to be the _____ AUTHORIZED AGENT _____ of the corporation, and authorized to accept service on behalf of the corporation. |
| **#3**<br>Suitable Age Person | ☐ | By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's:  [ ☐ ] actual place of business  [ ☐ ] dwelling house (usual place of abode) within the state. |
| **#4**<br>Affixing To Door | ☐ | By affixing a true copy of each to the door of said premises, which is recipient's: [ ☐ ] actual place of business  [ ☐ ] dwelling house (place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat<br>on _____ at _____<br>on _____ at _____<br>on _____ at _____<br>on _____ at _____<br>Address confirmed by _____ |
| **#5**<br>Mail Copy | ☐ | On _____, deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served. |
| **#6**<br>Description<br>(use With #1, 2 Or 3) | ☒ | A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:<br>*Sex:* Female  *Color of Skin:* White  *Color of Hair:* Brown  *Age:* 45 - 50 YRS.  *Height:* 5' 3" - 5' 5"  *Weight:* 125 - 135 Lbs.<br>*Other Features:* |
| **#7**<br>Wit. Fees | ☐ | _____ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient. |
| **#8**<br>Military Service | ☐ | |
| **#9**<br>Other | ☐ | |

Sworn to before me on: 1/31/24

Victoria Acevedo
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AC6363676
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 08/28/2025

John Hudak
Server's Lic # 1392295
Invoice / Work Order # W1035608